*Marian F. Harrison*
Marian F. Harrison
US Bankruptcy Judge

Dated: 6/20/2019



mk

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

DEBTOR   **LATRICIA LASHAA STOREY**                             Case No.    **19-02900-MH3-13**

SSN XXX-XX- 8319

### ORDER CONFIRMING CHAPTER 13 PLAN AND GRANTING RELATED MOTIONS

The Court finds that all information required under § 521(a)(1)(B) has been submitted and that the case is not dismissed under § 521(i). The Court further finds that it is in the best interests of creditors and the estate to confirm this case.

The debtor's plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. § 1325 and all timely objections to confirmation have been withdrawn, resolved, or overruled. It is, therefore, ORDERED:

1. The plan is confirmed as set out below.

2. A timely proof of claim must be filed before the creditor will be paid under the plan.

3. The debtor shall not incur any debts without approval from the trustee or this Court, except debts necessary for emergency medical or hospital care.

4. The debtor shall not reduce the amounts withheld for taxes on a W-4 submitted to an employer without approval of the trustee or the Court.

5. The trustee shall deduct permitted compensation and expenses in accordance with 28 U.S.C. §586(e).

6. Before making any disbursements to creditors under the plan, the trustee shall disburse to the Court Clerk the sum of **$310.00** for filing fees.

7. The debtor shall be responsible for the preservation and protection-including insurance-of all property of the estate.

8. The trustee and the debtor retain the right to object to any claims or supplements to claims and to pursue any causes of action for the benefit of the debtor or the estate-including avoidance and recovery actions and actions that would upset the liens of creditors treated as secured under the confirmed plan.

**PART 1:   NOTICES**

The confirmed plan **DOES** include nonstandard provisions, set out in Part 9 below.

This order is final and binding under 11 U.S.C. § 1327 upon entry of the order. This order may include provisions different than what was contained in the original plan. Parties are encouraged to carefully review the terms of this order and the previously noticed plan. Any request to reconsider the terms of this order should be raised within 14 days.

An exhibit attached to this order lists the claims treated under this confirmed plan as of the submission of this order to the

Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

# PART 2: PLAN PAYMENTS AND LENGTH OF PLAN

**Debtor will make payments to the trustee as follows**:

**$111.00 BI-WEEKLY from TENNOVA HEALTHCARE OF CLARKSVILLE**

**[PLUS TAX REFUNDS]**

The plan is expected to last approximately **36** months. The plan will not be complete unless the payments to creditors specified in this order have been made.

**Plan "base" and income tax refunds:**
Debtors shall pay to the trustee a minimum amount, called a "base," of **$8,658.00 INCREASED BY TAX REFUNDS**.

Any tax refund that accrues during the plan term shall increase the plan "base"-the minimum amount the debtor must pay under the plan. Debtor will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

Any funds remaining from the base after making the other disbursements required by this order shall be used to increase the distribution to allowed nonpriority unsecured claims addressed in § 5.1.

# PART 3: TREATMENT OF SECURED CLAIMS

**3.1 Maintenance of payments and cure of default under 11 U.S.C. § 1322(b)(5).**

**There are no long term claims paid by the Trustee.**

**3.2 Valuation of security and claim modification.**
For each claim listed below, the Court determines the value of the creditor's interest in any property securing the claim in accordance with the amount stated in the column headed *Value securing claim*. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim amount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The amount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a)  payment of the underlying debt determined under nonbankruptcy law, or

(b)  discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Creditor/Collateral | Amount of Claim | Value securing claim | Value of collateral less than Claim? | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| USAA FED SAVINGS BANK<br>SECURED CREDIT CARD | $433.00(e) | $500.00 | No(e) | 5.50% | $15.87 |
| NICHOLAS FINANCIAL INC<br>08 SATURN AURA | $6,610.10 | $3,020.00 | Yes | 5.50% | $93.94 |

**3.3 Secured claims excluded from 11 U.S.C. § 506.**
-------------- NONE ---------------

**3.4 Lien avoidance.**
-------------- NONE ---------------

**3.5 Surrender of collateral.**
-------------- NONE ---------------

**PART 4: TREATMENT OF PRIORITY CLAIMS (INCLUDING ATTORNEY'S FEES AND DOMESTIC SUPPORT OBLIGATIONS)**

**4.1 Attorney's fees.**

The balance of fees currently owed to **ROTHSCHILD AND AUSBROOKS PLLC** is **$1,200.00**. The total fee awarded to the attorney is **$1,200.00** pursuant to Administrative Order 18-1.

Except for any fees retained as a "Success Incentive", the balance of fees awarded by this order and any additional fees that may be awarded shall be paid through the trustee as follows: **A monthly payment of $100.00**.

**4.2 Domestic support obligations.**

**(a) Pre- and postpetition domestic support obligations to be paid in full.**
----------NONE----------

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**
----------NONE----------

**4.3 Other priority claims.**
----------NONE----------

**PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS AND POSTPETITION CLAIMS**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. A minimum sum of **-0-** and a minimum dividend of **0.000**% shall be paid to these claims. Any funds remaining after disbursements have been made to all other creditors provided for in this plan shall also be distributed to these claims.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.**

N/A

**5.3 Maintenance of payments and cure of default on nonpriority unsecured claims.**

--------------- NONE ---------------

**5.4 Separately classified nonpriority unsecured claims.**

--------------- NONE ---------------

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

----------NONE----------

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1 The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected.**

**Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

|  | CURRRENT | | ARREARS | |
|---|---|---|---|---|
| **Creditor/Collateral** | **Monthly Payment** | **Total to be paid** | **Amount to be paid** | **Monthly Payment** |
| AMERICAN RESIDENTIAL LEASING | per contract if applicable | per contract if applicable | $0.00(e) | n/a |
| RESIDENTIAL COSIGNER | Disbursed by: debtor | | Disbursed by: trustee | |

## PART 7: ORDER OF DISTRIBUTION OF AVAILABLE FUNDS BY TRUSTEE

**7.1 The trustee will make monthly disbursements of available funds in the order indicated by the "disbursement levels" in the attached Exhibit.**

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan for any disbursement level, the trustee shall allocate available funds to the claims in that disbursement level pro rata. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee shall withhold the partial payment amount and treat the amount as available funds in the following month.

## PART 8: VESTING OF PROPERTY OF THE ESTATE

**8.1** Property of the estate will vest in the debtor upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is specified below:

**PART 9:    NONSTANDARD PLAN PROVISIONS**

**Student Loan IDR Plan Provisions  I. Eligibility to Enroll in IDR Plan During Bankruptcy.** The pendency of this bankruptcy case shall not disqualify the Debtor from participation in any income-driven repayment ("IDR") plan for student loan debt or from any nonbankruptcy option for getting a student loan debt out of default, for which Debtor would otherwise be qualified. The Debtor shall request a plan modification if the Debtor enrolls in an IDR plan and shall request appropriate Court approval for participation in an option for getting a student loan debt out of default. In the absence of a plan modification, the plan provides for the Debtor's student loan debt under the applicable provisions of Part 5 or as otherwise stated in any nonstandard provisions in Part 9.

**II.   Dischargeability of Student Loan Debt.** This plan does not provide for the discharge of any portion of the Debtor's federal student loan debt(s) under title 11, but it does not preclude a determination of dischargeability in an adversary proceeding.

**III.  Waiver of Automatic Stay.** The Debtor expressly waives the application of the automatic stay under § 362(a) as to all communications concerning: (1) enrollment or participation in an IDR plan and (2) nonbankruptcy options for getting a student loan debt out of default. The Debtor also expressly waives the application of the automatic stay under § 362(a), to the extent necessary to effectuate this Chapter 13 plan, as to all loan servicing and administrative actions concerning: (1) an IDR plan and (2) nonbankruptcy options for getting a student loan debt out of default.

**IV.  Opportunity for Claimholder to Cure.** Before instituting any action against a federal student loan claimholder under 11 U.S.C. § 362 or for failure to comply with this plan, the Debtor first shall give notice in writing by letter describing any alleged action that is contrary to the plan or 11 U.S.C. § 362(a) and provide a reasonable opportunity to review and, if appropriate, correct such actions. Any notice given under this provision must include the Debtor's name, bankruptcy case number, and identification of the federal student loans, and must be mailed to:.

[Title IV Loan Holder Name] c/o The United States Attorney's Office Middle District of Tennessee 110 9th Avenue South, Suite A-961 Nashville, Tennessee 37203.

Approved:

/s/ROTHSCHILD AND AUSBROOKS PLLC
ROTHSCHILD AND AUSBROOKS PLLC
ATTY FOR THE DEBTOR
1222 16TH AVE SOUTH SUITE 12
NASHVILLE, TN  37212
615-242-3996
alex@rothschildbklaw.com

MARIAN F HARRISON
Bankruptcy Judge

Original 341 Date: **June 18, 2019  11:00 am**
Case no: **19-02900-MH3-13**
Printed:     **06/20/2019             7:33 am**

# EXHIBIT

## SCHEDULED AND ALLOWED CLAIMS AND ORDER OF DISTRIBUTION

The list below identifies the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

The "disbursement level" indicates the order of distribution on a monthly basis. See Part 7 of the attached Order.

\* An asterisk next to a claim indicates that a proof of claim has been filed for the listed creditor. No disbursements will be made on any claim pursuant to the plan unless a timely proof of claim is filed.

! An exclamation mark next to a claim indicates the trustee has placed a "reserve" on the claim and will withhold disbursements pending a further determination. For information about a "reserve" contact the trustee's office.

|   | Name of Creditor | Type of Claim | Order of Distribution |
|---|---|---|---|
|   | US BANKRUPTCY COURT | FILING FEE | 1 |
|   | US BANKRUPTCY COURT | NOTICE FEE | 2 |
| * | NICHOLAS FINANCIAL INC<br>08 SATURN AURA | AUTOMOBILE LOAN | 3 |
|   | ROTHSCHILD AND AUSBROOKS PLLC | ATTORNEY FEE | 3 |
|   | USAA FED SAVINGS BANK<br>SECURED CREDIT CARD | SECURED CREDITOR | 3 |
|   | ADVANCE FINANCIAL | UNSECURED CREDITOR | 4 |
| * | AMERICAN INFOSOURCE LP<br>CC | UNSECURED CREDITOR | 4 |
|   | DOYLE ORTHODONTICS | UNSECURED CREDITOR | 4 |
|   | EQUITABLE ACCEPTANCE CORP<br>COSIGNER | UNSECURED CREDITOR | 4 |
|   | HERMITAGE HILL<br>LEASE DEFICIENCY | UNSECURED CREDITOR | 4 |
|   | LIFEGUARD TRANSPORTATION | UNSECURED CREDITOR | 4 |
| * | MERRICK BANK<br>CC | UNSECURED CREDITOR | 4 |
|   | MUSIC AND ARTS | UNSECURED CREDITOR | 4 |
|   | NAVIENT<br>STUDENT LOAN MULTI ACCTS | UNSECURED CREDITOR | 4 |
|   | ONEMAIN FINANCIAL BK DEPT<br>COSIGNER | UNSECURED CREDITOR | 4 |
|   | ROBINSON REAGAN AND YOUNG<br>GASTROENTEROLOGIST | UNSECURED CREDITOR | 4 |
|   | ROBINSON REAGAN AND YOUNG<br>NES | UNSECURED CREDITOR | 4 |

| Debtor | STOREY | Case number | 19-02900-MH3-13 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| * | SUMMIT MEDICAL CENTER | UNSECURED CREDITOR | 4 |
| * | SUMMIT MEDICAL CENTER | UNSECURED CREDITOR | 4 |
| | USAA CREDIT CARD SERVICES | UNSECURED CREDITOR | 4 |
| | VERIZON WIRELESS BANKRUPTCY ADM UTILITY | UNSECURED CREDITOR | 4 |
| | WEBBANK FINGERHUT CC | UNSECURED CREDITOR | 4 |
| | 1305 CLAIM | UNSECURED - 1305 | 5 |

Chapter 13 Plan

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Page 7 of 7

Case 3:19-bk-02900    Doc 24    Filed 06/20/19    Entered 06/20/19 10:18:59    Desc Main
Document    Page 7 of 7